

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 21, 2016

**By Email / ECF**

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>United States v. Ahmad Khan Rahami, a/k/a "Ahmad Rahimi"</u>
      16 Mag. 6009

Dear Judge Gorenstein:

  The Government writes in response to the letter of David E. Patton, Esq., dated September 20, 2016, in which the Federal Defenders of New York ("Federal Defenders") apply to be appointed as counsel in the above captioned case, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A ("the Act").

  The defendant in this case, Ahmad Khan Rahami, a/k/a "Ahmad Rahimi," has not been arrested on any federal charge. He is not in federal custody. He is in the custody of the State of New Jersey, on state charges, and is subject to a bail package issued by the New Jersey state court. But "Rule 5 [of the Federal Rules of Criminal Procedure] is triggered only by federal criminal arrest." *United States* v. *Ghailani*, 751 F.Supp. 2d 515, 526 n.66 (S.D.N.Y. 2010) (internal quotation marks omitted); *see United States* v. *Anas al-Liby,* 98 Cr. 1023 (LAK) (docket entry 1356) (same). While a writ of *habeas corpus ad prosequendum* has been lodged with the United States Marshals Service, it has not been executed, and there has been no such federal arrest. Accordingly, Rule 5 has not been triggered.[1]

  Relatedly, the Federal Defenders' application for appointment as counsel is plainly premature. The Act provides for appointments of counsel at initial appearance. *See* 18 U.S.C. § 3006A(c) (appointments begin at the "initial appearance before the United States magistrate judge or the [district] court"); *id.* at 3006A(b) (providing that appointments shall be made only after a person "appears," and only after the Court advises the defendant that he "has the right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel."); *United States* v. *Anas al-Liby,* 98 Cr. 1023 (LAK) (docket entry 1356); *United States* v. *Adel Abdel Bary*, 98 Cr. 1023 (LAK) (not docketed); *United States* v. *Khalid al*

---

[1] Moreover, the suggestion of a Sixth Amendment implication is wrong; long-standing, black-letter law holds that the Sixth Amendment is not triggered by the filing of a complaint. *See, e.g.*, *United States* v. *Smith*, 778 F.2d 925, 932 (2d Cir.1985) (the Sixth Amendment right to counsel attaches upon indictment, not the filing of a complaint).

*Fawwaz*, 98 Cr. 1023 (LAK) (docket entry 1102); *United States* v. *Haroon Aswat*, 04 Cr. 356 (KBF) (docket entry 129); *see also Doherty* v. *United States*, 404 U.S. 28, 33 (1971) (observing that the Act provides for representation "from arraignment"); United States District Court, Southern District of New York, Revised Plan for Furnishing Representation Pursuant to the CJA, Section VII(B) (requiring the presiding magistrate or district judge to appoint counsel only "[u]pon the appearance" of the defendant).[2]

Until any of the aforementioned triggering events occur, each of the Federal Defenders' requests remain premature and therefore must, for now, be denied.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Emil J. Bove III / Andrew J. DeFilippis
Shawn G. Crowley / Nicholas J. Lewin
Assistant United States Attorneys
(212) 637-2444 / 2231 / 1034 / 2337

cc by email/ECF:  David E. Patton, Esq.
Peggy Cross-Goldenberg, Esq.
Sabrina P. Schroff, Esq.

---

[2] We additionally note that the defendant has not made the requisite showing of financial eligibility under the Act. *See* 18 U.S.C. § 3006A(a) (providing that the Act only applies to a "financially eligible person,"); *id.* at 3006A(b) (requiring the Court to make an "appropriate inquiry that the person is financially unable to obtain counsel").